THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ POLANCO MARCIAL, Defendant and Appellant.

No. CR-67-106.     Decided December 1, 1967.

---

Rafael L. Ydrach Yordán for appellant. J. B. Fernández Badillo, Solicitor General, and Lolita Miranda, Assistant Solicitor General, for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

At about midnight of September 6, 1966, some peace officers were in the vicinity of Merhoff Street in Villa Palmeras. They had been tipped that the delivery of a bolita collection and material to Carlos Palacio Amador would be attempted[1] and the officers planned to make a search. At about 11:50 P.M. policeman Domingo Rentas Candelaria noted that appellant José Polanco Marcial was riding a pedal bicycle without lights and against the traffic.[2] He detained, arrested, and immediately searched him—"Simultaneously, upon telling him that he was arrested I searched him" (Tr. Ev. 22)—seizing 45 lists of paper of different colors containing numbers of three figures followed by a dash and other amounts to the right. In effect, typical material of that used for the bolita game.

In his testimony police officer Rentas said, further, that "since I did not know him, I did not know what kind of a person he was, I proceeded to search him and took him to the police station." (Tr. Ev. 23.) He continued:

---

[1] See *People v. Soto Zaragoza*, 94 P.R.R. 332 (1967).

[2] Section 5-1201 of the Vehicle and Traffic Law, 9 L.P.R.A. § 1181, provides in part:

"(a) The provisions of this act relative to traffic of motor vehicles and to the drivers thereof shall cover bicycles and their riders, excepting those provisions which by their nature are inapplicable.

"(b) It shall also be illegal:

"  .      .      .      ;      .      .      .      .

"(8) Not to carry during the hours required by this act a white light on the front and a red light or reflector on the rear."

"Q. Hence the question whether it was necessary to search him.

"A. After the arrest, yes."

Previously he had testified that appellant was not in a state of intoxication nor had offered resistance—"Did he become angry with you? No sir." (Tr. Ev. 15.)

Since the only evidence introduced in order to connect Polanco Marcial with the offense charged against him of having in his possession bolita material were the lists seized by virtue of the search indicated, we have to consider whether the same complies with the constitutional requirements, a contention timely adduced by the defense.

██ Assuming that appellant's arrest was lawful, from the facts recited it appears with crystal clearness that this search incidental to a lawful arrest was unreasonable. In *People* v. *Sosa Díaz*, 90 P.R.R. 606 (1964), we said, citing *Trupiano* v. *United States*, 334 U.S. 699, 708 (1948), that "A search . . . as an incident to a lawful arrest has always been considered to be a strictly limited right. It grows out of the inherent necessities of the situation at the time of the arrest. But there must be something more in the way of necessity than merely a lawful arrest. The mere fact that there is a valid arrest does not *ipso facto* legalize a search . . . without a warrant." Elaborating on the same aspect we made reference to the fact that the search is justified by the need to seize weapons and other things which might be used to prevent escaping detention, as well as by the need to prevent the destruction, disappearance or concealment of evidence connected with the commission of the offense for which the person is detained, or to prevent or thwart an attack or assault on the one practicing the detention. See, *People* v. *Riscard, ante,* p. 394; *cf. People* v. *De Jesús Robles,* 92 P.R.R. 333 (1965), commented in XXXV *Rev. Jur. U.P.R.* 514 (1966). As it will be seen none of the circumstances is

present in the instant case. The search was unreasonable and it is proper to suppress its fruits.

A serene and objective reading of the testimony leaves upon us the strong impression that it has been deliberately sought to justify the search carried out without the proper judicial order for which it was necessary to allege a violation of the law, even as insignificant as those charged against appellant. This corruption of the methods of investigation and pursuit of crime deserves only our most vigorous repudiation.

The judgment rendered by the Superior Court, San Juan Part, on January 30, 1967, will be reversed, and appellant's acquittal will be ordered.

Mr. Justice Belaval did not participate herein. Mr. Justice Santana Becerra and Mr. Justice Rigau dissented.